**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROY QUEEN** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. ELH-10-3518** |
| **CENTER FOR SYSTEMS** | * | |
| **MANAGEMENT, INC., et al.** | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's

motion for default judgment and to make recommendations concerning damages, pursuant to 28

U.S.C. § 301 and Local Rule 301.6.  (ECF No. 52.)  Currently pending is plaintiff's Motion for

Default Judgment Against Defendant Kenneth Mosteller ("Motion" or "Motion for Default

Judgment") (ECF No. 50.)  No hearing is deemed necessary.  See Fed. R. Civ. P. 55(b)(2); Loc.

R. 105.6.  For the reasons discussed herein, the undersigned respectfully recommends that

plaintiff's Motion (ECF No. 50) be DENIED, without prejudice, pending both (1) the conclusion

of this action as to the remaining defendants, and (2) the filing of an affidavit of service of

plaintiff's Amended Complaint (ECF No. 21) on defendant Mosteller.

## I.   BACKGROUND

Roy Queen ("plaintiff") brought this suit individually and on behalf of all plan

participants in the Center for Systems Management 401K Retirement Plan ("Pension Plan")

against the following defendants:  (1) Center for Systems Management, Inc., a Virginia

corporation doing business in Maryland and other states, which sponsors the Pension Plan for its

employees ("CSM" or "defendant CSM"); (2) Thomas DeCrescente, who plaintiff alleges is a

trustee and fiduciary of the Pension Plan within the meaning of the Employee Retirement Income

Security Act ("ERISA") ("Mr. DeCrescente" or "defendant DeCrescente"); (3) Kenneth

Mosteller, who plaintiff alleges is the president of CSM, the Plan Administrator of the Pension

Plan, as well as a trustee and fiduciary of the Pension Plan within the meaning of ERISA ("Mr.

Mosteller" or "defendant Mosteller"); (4) Kevin Forsberg, who plaintiff alleges is a co-founder

and owner of CSM ("Mr. Forsberg" or "defendant Forsberg"); and (5) Albert Truesdale, who

plaintiff alleges was the Executive Vice President of Operations and Client Relations for CSM in

2009 and 2010 ("Mr. Truesdale" or "defendant Truesdale"), (collectively, "defendants").[1]

(Compl., ECF No. 1); (Am. Compl., ECF No. 21).  Plaintiff's original Complaint alleged claims

for failing to place required contributions into an employer-sponsored profit sharing plan in

violation of ERISA, 29 U.S.C. §§ 1001, et seq.  (ECF No. 1.)  Plaintiff's Amended Complaint

added a claim for alleged violations of the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. § 1961 et seq., against all defendants, with the exception of CSM.  (ECF

No. 21 ¶¶ 71-76.)

     Plaintiff originally filed this suit on December 16, 2010.  (ECF No. 1.)  The defendants

named in the original Complaint, CSM, Mr. DeCrescente, and Mr. Mosteller, were served with a

Summons and a copy of plaintiff's Complaint on January 3, 2011, as indicated by the return of

service filed with the court on March 15, 2011.  (ECF No. 6.)  Defendant DeCrescente was the

only defendant to answer plaintiff's Complaint.  (ECF No. 8.)  When defendant CSM and

defendant Mosteller failed to file an answer or otherwise defend, Judge Hollander ordered

---

[1] Plaintiff's Original Complaint named CSM, Mr. DeCrescente, and Mr. Mosteller as
defendants.  (ECF No. 1.)  Mr. Forsberg and Mr. Truesdale were added as defendants in
plaintiff's Amended Complaint.  (ECF No. 21.)

plaintiff's counsel to "advise the court as to his intention to file a motion for entry of default, or to provide reasons why such a motion would be inappropriate." (ECF Nos. 9, 11.) On April 21, 2011, plaintiff's counsel filed a letter in which it was noted that plaintiff intended to file a motion for default judgment. (ECF No. 12.) In response, Judge Hollander sent a memorandum to counsel explaining that, "because Mr. DeCrescente has answered the suit, but the other defendants have not answered, a default judgment is not appropriate at this time, under Fed. R. Civ. P. 55(b)(2), in contrast to an entry of default under Fed. R. Civ. P. 55(a)." (ECF No. 13.) Thereafter, on April 27, 2011, plaintiff filed a Motion for Entry of Default Against Defendants Mosteller and Center for Systems Management, Inc. (ECF No. 14), which the Clerk granted on that same date, April 27, 2011. (ECF No. 15.)

After default was entered against defendants Mosteller and CSM, plaintiff filed an Amended Complaint on July 7, 2011. (ECF No. 21.) Plaintiff's Amended Complaint added Mr. Forsberg and Mr. Truesdale as defendants in the case. (Id.) In addition, the Amended Complaint added a claim against all defendants, with the exception of CSM, pursuant to the Racketeer Influenced and Corrupt Organizations Act. (Id. ¶¶ 71-76.) Although the Clerk issued a Summons as to Mr. Forsberg and Mr. Truesdale, the defendants added to the Amended Complaint (ECF No. 22), plaintiff did not file a return of service with the court indicating that defendants Forsberg and Truesdale were served with a Summons and a copy of plaintiff's Amended Complaint, as required by Federal Rule of Civil Procedure 4. Nor did plaintiff file proof of service of the Amended Complaint on the parties in default, defendants Mosteller and CSM. Defendants Truesdale, Forsberg, and DeCrescente have answered the Amended Complaint (ECF Nos. 25, 29, 30, 35-36), but defendant CSM and defendant Mosteller have not

filed any responsive pleadings.[2]

On April 9, 2012, plaintiff filed the instant Motion for Default Judgment Against Defendant Mosteller.  (ECF No. 50.)  Thereafter, Judge Hollander referred plaintiff's Motion to the undersigned to review and to make recommendations concerning damages.  (ECF No. 52.) For the reasons discussed herein, the undersigned recommends that the court deny plaintiff's request, without prejudice, pending both (1) the conclusion of this action as to the remaining defendants, and (2) the filing of an affidavit of service of plaintiff's Amended Complaint (ECF No. 21) on defendant Mosteller.

## II.   DISCUSSION

The authoritative case regarding entry of default judgment against a single defendant in an action involving multiple defendants is Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872). In Frow, the Supreme Court held that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the "true mode of proceeding . . . is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." Id. at 554.  Courts interpreting Frow's holding have recognized that it is limited to situations alleging "joint and/or several" liability, or at least "closely-related" liability. United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944 (4th Cir. 1967).

The pleadings in this matter clearly demonstrate that this case falls within Frow's purview.  Here, plaintiff's Amended Complaint contains six counts.  Count One alleges liability

---

[2] The undersigned notes that, on August 18, 2011, defendant CSM filed a voluntary petition for Chapter 11 bankruptcy in the United States District Court for the Eastern District of Virginia.  Voluntary Pet., In re Center Sys. Mgmt., Inc., No. 11-16101-RGM (E.D. Va. Aug. 18, 2011), ECF No. 1.  On September 1, 2011, defendant CSM filed a Suggestion of Bankruptcy in this case and advised the court that all matters in this case were stayed as to CSM pursuant to 11 U.S.C. § 362.  (ECF No. 17.)

of defendants Mosteller and DeCrescente, as well as the other individually named defendants, collectively, for "failing to place required contributions in the defendant profit sharing plan." (ECF No. 21 ¶¶ 53-56.)  Counts Two, Three, and Four allege liability of defendants Mosteller and DeCrescente collectively, without distinction.[3]  (Id. ¶¶ 57-70.)  Count Five alleges liability of "all individually named defendants" for "RICO Violations."  (Id. ¶¶ 71-76.)  Count Six alleges liability for "Breach of Employment Agreement" only against defendant CSM, and is stayed as to CSM because of its bankruptcy.  (Id. ¶¶ 77-79); (ECF No. 17).  In sum, plaintiff does not assert any ground for defendant Mosteller's individual liability; all of the allegations in the Amended Complaint assert the joint and several liability of all of the defendants.  Accordingly, it is not appropriate to enter a default judgment against defendant Mosteller at this stage in the proceedings as to do so would create a risk of inconsistent judgments.  Frow, 82 U.S. at 554.  Therefore, the undersigned recommends that plaintiff's Motion be denied, without prejudice, pending the conclusion of this action as to the remaining defendants.

In addition, plaintiff's Motion for Default Judgment is prematurely filed because the record does not reflect that plaintiff's Amended Complaint (ECF No. 21) was served on defendant Mosteller in accordance Federal Rule of Civil Procedure 5(a)(2).  Before a default judgment can be entered against a party, the clerk must enter the party's default upon a showing that the party has been properly served with the Summons and Complaint in the manner provided in Federal Rule of Civil Procedure 4 ("Rule 4"), and yet failed to appear.  Fed. R. Civ. P. 55(a);

---

[3] Count Two alleges liability of defendants Mosteller and DeCrescente for "Failure to Make Prudent Investments."  (ECF No. 21 ¶¶ 57-61.)  Count Three alleges liability of defendants Mosteller and DeCrescente for "Failure to Properly Diversify Plan Asets by not Placing Employee Contributions Into the Profit Sharing Plan."  (Id. ¶¶ 62-66.)  Count Four alleges liability of defendants Mosteller and DeCrescente for "Failing to Place Required Contributions in the Retirement Plan Based on the Plan Document and Summary Plan Description."  (Id. ¶¶ 67-70.)

Trs. of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co., 485 F. Supp.

2d 1063, 1065 (D. Minn. 2007).  Federal Rule of Civil Procedure 5(a)(2) ("Rule 5(a)(2)")

requires that an amended pleading that adds a new claim be served (and not merely mailed) on a

party in default in the manner provided for service of summons under Rule 4.[4]  Fed. R. Civ. P.

5(a)(2).  This court has recognized the importance of the requirement of Rule 5(a)(2):

> Rule 5(a) generally excuses the plaintiff from having to serve anything but the summons
> and complaint on a non-appearing defendant. The rule makes an important exception,
> however.  Under the rule, pleadings asserting new or additional claims for relief against
> the defendant-such as an amended complaint under Rule 15(a) or a supplemental
> complaint under Rule 15(d) shall be served upon the defendant in the manner provided
> for service of summons in Rule 4.

Lopez v. NTI, LLC, No. DKC-08-1579, 2008 WL 5120542, at *3 (D. Md. Dec. 4, 2008).

Here, after default was entered against defendant Mosteller (ECF No. 15), plaintiff filed

an Amended Complaint that asserted a new claim for relief against defendant Mosteller, alleging

that the individually named defendants, including defendant Mosteller, violated RICO.  (ECF

No. 21 ¶¶ 71-76.)  The record, however, does not indicate that plaintiff served a copy of the

Amended Complaint on defendant Mosteller in the manner provided for service of a summons

under Rule 4.  Accordingly, entry of a default judgment against defendant Mosteller is also not

appropriate at this time because the record does not reflect that defendant Mosteller was properly

served with a copy of plaintiff's Amended Complaint as required by Federal Rule of Civil

Procedure 5(a)(2).

---

[4] Rule 5(a)(2) provides:

(2) If a Party Fails to Appear. No service is required on a party who is in default for failing to
appear.  But a pleading that asserts a new claim for relief against such a party must be served
on that party under Rule 4.

Fed. R. Civ. P. 5(a)(2).

### III.  <u>CONCLUSION</u>

In sum, the undersigned recommends that plaintiff's Motion for Default Judgment

Against Defendant Kenneth Mosteller (ECF No. 50) be DENIED without prejudice, pending

both (1) the conclusion of this action as to the remaining defendants; and (2) the filing of an

affidavit of service of plaintiff's Amended Complaint (ECF No. 21) on defendant Mosteller.

The undersigned also directs the Clerk to mail a copy of this Report and

Recommendation to defendant Mosteller at the address listed on plaintiff's Complaint.  (ECF

No. 1.)

Any objections to this Report and Recommendation must be served and filed within

fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


/s/

Date:         9/13/12                         

Beth P. Gesner
United States Magistrate Judge

7